AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| | | |
|---|---|---|
| Charlotte Stokes Eslava | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 13-239 |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C. | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* PORTFOLIO RECOVERY ASSOCIATES, L.L.C.
c/o National Registered Agents, Inc.
4701 Cox Road
Suite 301
Glen Allen VA 23060

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Harry V. Satterwhite
Satterwhite, Buffalow & Tyler, L.L.C.
1325 Dauphin Street
Mobile, Alabama  36604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 13-239

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CHARLOTTE STOKES ESLAVA** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 13-239 |
| **PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,** | ) |
| **Defendant.** | ) |

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

COMES NOW Charlotte Stokes Eslava ("Plaintiff"), by and through the undersigned attorneys, Satterwhite, Buffalow & Tyler, L.L.C., and alleges the following against Defendant, Portfolio Recovery Associates, L.L.C. ("Defendant"), as follows:

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337. Venue in this District is proper under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff is a natural person residing in Mobile County, Alabama, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant is a Virginia corporation engaged in the business of collecting debts in this state with its principal place of business located at 120 Corporate Boulevard, Norfolk, VA, 23502. The principal purpose of Defendant is the collection of debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Therefore, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. SUMMARY OF FACTS

5. At all times material to this action, Defendant was acting as a "debt collector" with respect to the collection of a debt owed by Plaintiff.

6. At all times material to this action, Plaintiff was represented by counsel.

7. Defendant violated both the U.S. Bankruptcy Court's Automatic Stay and the Fair Debt Collection Practices act by repeated attempts to collect a debt from Plaintiff while said debt was part of her bankruptcy estate, and by repeated direct contact with Plaintiff while she was represented by counsel.

## V. FACTS

8. Plaintiff incurred a financial obligation to Capital One Bank (USA) NA Capital One (Account/Reference No. 5291492291294268) that was primarily for

personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On June 8, 2006, Plaintiff filed a Chapter 13 Bankruptcy Petition, i.e., Bankruptcy Proceeding No. 06-11067.

10. At that time, the Bankruptcy Court notified all named creditors that Plaintiff had filed bankruptcy, including Capital One.

11. On April 15, 2010, more than 3 years after Plaintiff filed bankruptcy, the Defendant purchased the Plaintiff's debt, according to Defendant's own documents. Defendant did not immediately contact Plaintiff at this time because it would have been a clear violation of the Bankruptcy Court's Automatic Stay and of the FDCPA.

12. On February 1, 2012, two years later, the Bankruptcy Court temporarily dismissed Plaintiff's bankruptcy due to a miscommunication. Plaintiff's bankruptcy case was later reinstated.

13. On April 24, 2012, during that period of time Plaintiff's bankruptcy case was temporarily dismissed, Defendant mailed directly to Plaintiff a "dunning" letter, demanding payment of a debt in the amount of $7,073.05 allegedly due Defendant. A copy of said letter is attached hereto as Exhibit A.

14. Shortly thereafter, Exhibit A was received by Plaintiff at Plaintiff's residence in Mobile County, Alabama.

15. When Defendant sent this collection letter directly to Plaintiff, and when Plaintiff received this collection letter from Defendant, Plaintiff was represented bankruptcy counsel, i.e., Padgett and Robertson, 4317 Downtowner Loop North, Mobile, AL 36609.

16. Also during this same window of time that Plaintiff's bankruptcy case was temporarily dismissed, the Defendant made separate attempts to collect the same debt by repeated direct telephone calls to Plaintiff.

17. Once again, when Defendant made these collection calls to Plaintiff, she was represented by above-referenced bankruptcy counsel.

18. The Defendant had actual knowledge that the Plaintiff was represented by counsel when said letter was sent, and when said collection calls were made.

19. The Defendant knew that the Plaintiff was represented by counsel because it is a common practice in the debt-collection industry for a debt seller to inform its debt buyer, in this case Defendant, regarding when and if the targeted consumer has filed bankruptcy or is currently in bankruptcy.

20. The Defendant also knew that Plaintiff was represented by counsel because it is a common industry practice for a debt collector to check on whether a consumer has filed bankruptcy before the debt collector begins any such collection efforts.

21. Furthermore, the Defendant knew that Plaintiff was represented by counsel because it is common knowledge in the collection industry that targeted consumers may be temporarily dismissed from bankruptcy, only to be reinstated -- during which time said consumers are continually represented by counsel.

22. Thereafter, on May 24, 2012, Plaintiff filed a Motion to Reopen & Reinstate Chapter 13 Case through her aforementioned bankruptcy counsel. Defendant knew at this point that Plaintiff was represented by counsel through notices from bankruptcy counsel and from notices from the Bankruptcy Court.

23.     However, Defendant continued to attempt to collect the debt through the use of collection telephone calls to Plaintiff in violation of the FDCPA.

24.     On June 22, 2012, the Bankruptcy Court granted Plaintiff's Motion to Reopen and Reinstate her case, and did reopen and reinstate the case.  Defendant knew at this point that Plaintiff was represented by counsel through notice(s) from the Bankruptcy Court.

25.     However, Defendant continued to attempt to collect the debt through the use of collection telephone calls to Plaintiff in violation of the Bankruptcy Court's Automatic Stay and the FDCPA.

26.     Finally, Defendant's collection letter of April 24, 2011 demanded payment of an amount in excess of the amount that Defendant could legitimately claim from Plaintiff, due to the amount that Plaintiff already had paid on the debt through the Bankruptcy Court.

## VI. COUNT 1 - FDCPA

27.     Plaintiff realleges all preceding paragraphs as if set forth herein.

28.     Defendant's collection letter and repeated telephone calls violated section 1692c of the FDCPA, i.e., a debt collector may not communicate with a consumer ... if the debt collector knows the consumer is represented by an attorney with respect to such debt.

29.     Defendant's attempts to collect more than it could legitimately claim from Plaintiff, and attempts to collect amounts that were under the authority of the Bankruptcy Court and were otherwise due to be discharged, also violated the FDCPA.

FDCPA Sections 1692e(2)(A) and 1692e(10) state that a debt collector may not falsely represent the character, amount or legal status of any debt, and that a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

30. Said conduct also violated section 1692d of the FDCPA, i.e., a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt.

31. And finally, said conduct also violated section FDCPA Section 1692f, i.e., a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. As a proximate result of the Defendants' aforementioned conduct in violation of the FDCPA, Plaintiff suffered mental distress, and seeks the following damages: actual damages, statutory damages, costs and attorney's fees under the applicable provisions of the FDCPA.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

D. For such other and further relief as may be just and proper.

## **PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY**

## VERIFICATION

I, Charlotte Stokes Eslava hereby certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

_____
CHARLOTTE STOKES ESLAVA

_____
HARRY V. SATTERWHITE
Attorney for Plaintiff

OF COUNSEL:
SATTERWHITE, BUFFALOW,
  & TYLER, L.L.C.
1325 Dauphin Street
Mobile, Alabama 36604
(251) 432-8120
(251) 405-0147 facsimile

### DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.
c/o National Registered Agents, Inc.
4701 Cox Road
Suite 301
Glen Allen VA 23060